UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HENRY HYLEN,<br>    *Plaintiff*,<br><br>v.<br><br>WALMART, INC., WAL-MART STORES EAST, LP d/b/a WALMART PHARMACY a/k/a WALMART STORE NO. 2898, and THE HILLMAN GROUP, INC. d/b/a MINUTE KEY,<br>    *Defendants.* | No. 3:24-cv-1513 (JAM) |

**ORDER TO SHOW CAUSE WHY ACTION
SHOULD NOT BE REMANDED TO STATE COURT**

This is a state law tort case. The plaintiff Henry Hylen has sued three defendants: Walmart, Inc., Wal-Mart Store East, LP, and The Hillman Group, Inc. Hylen claims that he was injured while he was at a Walmart store in Connecticut when an employee or contractor of The Hillman Group hit him while wheeling a machine through the store.[1]

The case was originally filed in Connecticut state court. But on September 20, 2024, the two Walmart defendants filed a notice of removal to this Court.[2] According to the notice of removal, removal is proper because "complete diversity exists between the plaintiff and the defendants[] and the amount in controversy exceeds the sum or value of $75,000."[3] Further, the Walmart defendants claim that the notice is timely-filed because it was filed "within 30 days after the receipt by the defendants through service of a copy of the initial pleading."[4]

---

[1] Doc. #1 at 11-13 (¶¶ 11-20), 19 (¶¶ 54-58).
[2] *Id.* at 1-6.
[3] *Id.* at 3 (¶ 3).
[4] *Id.* at 3 (¶ 6). Yet despite their representation in the notice of removal that both Walmart defendants were served within 30 days of their filing of the notice of removal, the defendants have more recently filed a statement representing that defendant "Walmart Inc. received a copy of the summons and complaint in the state court action on or about July 29, 2024." Doc. #12 at 1 (¶ 1). If so, then defendant Wal-Mart Inc. was served more than 30 days before filing a notice of removal.

The federal removal statute provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). And the statute further provides that "*all* defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added).

Under the "so-called rule of unanimity," the Second Circuit has made clear that "all defendants who have been properly joined and served" must consent "within that thirty-day window" from when the removing defendant first received a copy of the summons and complaint. *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 150-51 (2021). Further, "[i]t is well-established that each defendant 'must independently express their consent to removal.'" *Id.* at 151 (quoting *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012)).

Here, however, only the two Walmart defendants have filed a notice of removal, and there has been no statement of consent filed on behalf of the third defendant The Hillman Group. Moreover, a review of the state court docket reflects that all three defendants were served with the state court complaint on August 21, 2024.[5] Because more than 30 days has elapsed since that date, it appears that it may now be too late for The Hillman Group to validly consent to removal of this action. "A properly served defendant cannot cure a failure to timely consent to removal by later providing untimely consent." *Taylor*, 15 F.4th at 149.[6]

---

[5] *See* Docket Entry #100.30 to *Hylen v. Walmart, Inc. et al.*, MMX-CV24-6042499-S (Conn. Sup. Ct.), available at https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=MMXCV246042499S (last accessed Oct. 3, 2024). And the docket also reflects that counsel for The Hillman Group entered an appearance in the state court action more than 30 days ago on August 27, 2024. *See id.* at Party & Appearance Information D-03.

[6] The removal statute includes an exception to the 30-day consent rule, stating that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. §1446(b)(2)(C). Because all the defendants here were served on the same day, it does not appear that this exception applies in this action.

According to the Second Circuit, "a notice of removal must follow the timeliness requirements Congress set forth in 28 U.S.C. § 1446," and "[i]f a notice of removal is untimely, the case must be remanded to the state court." *Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 146 (2d Cir. 2023); *see also Taylor*, 15 F.4th at 153 (remand required where one of several defendants failed to timely consent to removal).

Therefore, the Court intends to remand this action to state court but will first afford the parties an opportunity on or before **October 11, 2024** to file any response explaining why the action should not be remanded. In the absence of a timely filed response, the Court shall forthwith remand this action.

It is so ordered.

Dated at New Haven this 4th day of October 2024.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge